567 F.Supp. 410 (1983)
Richard ANDERSON, Plaintiff,
v.
SOCIAL SECURITY ADMINISTRATION, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Richard Schweiker, Secretary; and The United States of America, Defendant.
Civ. A. No. 82-K-1340.
United States District Court, D. Colorado.
July 18, 1983.
*411 Richard S. Anderson, pro se.
Robert N. Miller, U.S. Atty., Janis E. Chapman, Asst. U.S. Atty., Denver, Colo., for defendant.

MEMORANDUM OPINION AND ORDER
KANE, District Judge.
This matter is before me on cross motions for summary judgment. Both parties have submitted briefs in support of their motions and responded to opposing arguments. There are no disputed issues of fact. The parties are in agreement that the only issue is based on the constitutionality of 42 U.S.C. § 423(f)(1), which amended the Social Security Act by imposing restrictions on disability benefits issued to persons incarcerated for felony convictions. I have concluded that oral argument will not be necessary or helpful in resolving this issue. The matter is now ripe for determination.
Plaintiff has been an inmate at the Territorial Correctional Facility in Canon City, Colorado, since May 7, 1980. The statute in question became effective in October 1980. Plaintiff is serving time for a crime which occurred in February 1979. He had been receiving disability benefits for several years before being incarcerated and continued to receive them at the Correctional Facility until notification in June 1981 that his benefits were being terminated pursuant to 42 U.S.C. § 423(f)(1). The three *412 principle changes to the Social Security Act which became effective in 1980 after the passage of Section 423(f) provided for the permanent disregard of felony-related impairments, the temporary disregard of impairments connected with confinement, and the suspension of benefit payments during incarceration. Plaintiff's complaint is directed only to the third condition which requires suspension of disability benefits for any month during which the claimant is confined in a penal institution due to conviction of a felony committed at any time. 42 U.S.C. 423(f)(1).[1] The plaintiff contends that this statute is unconstitutional because it constitutes a bill of attainder and an ex post facto law. He also alleges that enactment of this statute is a violation of his due process rights. For the following reasons, I hold that the suspension of benefits for inmates in penal institutions is not unconstitutional.
The argument that Section 423(f)(1) results in a deprivation of property without due process of law is meritless. The suspension of benefits for incarcerated felons is fully consistent with the rational purpose of the disability program and the requirement of due process. The purpose of awarding social security disability benefits is to replace a loss of earnings caused by the disability. The benefits are a substitute for work a person would otherwise be able to obtain, and they alleviate extreme economic hardships by providing minimal living expenses for necessities such as food, clothing, shelter and medical care. Continued payment of such benefits to those incarcerated in prison does not promote this legislative purpose. Inmates are not subject to the same circumstances or economic hardships as those outside the prison walls and have no need for a continuing source of income.
The Supreme Court in Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), has cautioned against a court overstepping its bounds in cases such as this:
Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as this, we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification.
Id. at 611, 80 S.Ct. at 1373. This legislation suspending benefits to incarcerated felons coincides with the legitimate and reasonable goals of the Social Security Act to alleviate economic hardship from the inability to work, without providing a disincentive for rehabilitation for return to work.
Further, the statute specifically states that an inmate may continue to receive benefits if he or she is participating in a court approved rehabilitation program. This provides any inmate with an opportunity to be heard in order to establish a right to continued benefits.
I hold that the suspension of disability benefits to those incarcerated felons not involved in an approved rehabilitation program does not violate plaintiff's due process rights.
Plaintiff also alleges that suspension of his disability benefits constitutes a bill of attainder and an ex post facto law. A ban on ex post facto laws, however, applies only to laws respecting criminal punishment. Johannessen v. United States, 225 U.S. 227, 242, 32 S.Ct. 613, 617, 56 L.Ed. 1066 (1912). What is forbidden is penal legislation which imposes criminal punishment for conduct which was lawful previous to its enactment. Harisiades v. Shaughnessy, 342 U.S. 580, 594, 72 S.Ct. 512, 521, 96 L.Ed. 586 (1952). Moreover, to argue successfully for either of these constitutional *413 protections, the plaintiff must be able to characterize validly the suspension of benefits as a punishment. U.S. v. Brown, 381 U.S. 437, 449, 85 S.Ct. 1707, 1715, 14 L.Ed.2d 484 (1965); citing U.S. v. Lovett, 328 U.S. 303, 315, 66 S.Ct. 1073, 1078, 90 L.Ed. 1252 (1946).
I find that this amendment to the Social Security Act is remedial rather than punitive in nature. There has been no attempt to single out a person or class of persons for punishment, but only an effort to further the remedial purposes of the Act, which have been previously discussed. In a somewhat analogous but more severe situation is which a deported alien's retirement benefits were completely terminated, the Supreme Court held that the mere denial of non-contractual government benefits does not constitute punishment within the meaning of the Bill of Attainder Clause. Flemming v. Nestor, supra, 363 U.S. at 616-617, 80 S.Ct. at 1375-1376. In the instant case, plaintiff's benefits have only been suspended, not terminated. Benefits will become available again to the plaintiff when the state is no longer responsible for providing his food, clothing, shelter and other necessities. There is also an opportunity to have the benefits reinstated while still incarcerated if he becomes eligible through participation in a court approved rehabilitation program. Finally, the statute clearly states that dependents relying on the inmate's disability benefits will continue to receive their benefits while the inmate is confined. These factors cannot be characterized as punitive. The statute is a rational and reasonable attempt by congress to provide disability benefits for those with a legitimate need for them.
Plaintiff has failed to demonstrate that this statute is unconstitutional. Therefore,
IT IS ORDERED that defendant's motion for summary judgment is granted.
IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied and the complaint is dismissed.
NOTES
[1] Plaintiff continually refers to the "termination" of his benefits. However the title and relevant language of the statute cover only a "suspension" of benefits during incarceration. Moreover, this suspension is not applicable to any prisoner who is participating in a rehabilitation program approved by a court of law and which the Secretary of Health and Human Services determines will result in substantial gainful activity within a reasonable period of time after release. The suspension also does not affect auxiliary benefits payable to the prisoner's dependents. 42 U.S.C. 423(f)(1) and (2).